UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICIA CONRADT, Individually and as Administratrix of the Estate of LOUIS WILLIAM CONRADT, JR., deceased,<br><br>     Plaintiff,<br><br> -against-<br><br>NBC UNIVERSAL, INC.,<br><br>     Defendant. | Case No. 6623/2007 (DC)<br>ECF Case |

**REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THE MOTION
OF NBC UNIVERSAL TO DISMISS**

Hilary Lane (HL-0829)
Susan Weiner (SW-3531)
NBC Universal, Inc.
30 Rockefeller Plaza
New York, New York 10112
212-664-4444
212-664-6572 (fax)

Lee Levine (*pro hac vice* application
  pending)
Amanda M. Leith (*pro hac vice*
  application pending)
LEVINE SULLIVAN
 KOCH & SCHULZ, L.L.P.
1050 17th St., NW
Suite 800
Washington, DC  20036
202.508.1100

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

I.    Plaintiff Has Failed To State A Claim For Violation Of The Civil Rights Act ...................................................................................................... 2

    A.    *Plaintiff Does Not Allege a Violation of Mr. Conradt's Fourth Amendment Rights* ........................................................................... 3

    B.    *Plaintiff Does Not Allege a Violation of Mr. Conradt's Fourteenth Amendment Rights* ........................................................................... 4

II.    Plaintiff Has Failed To State A Claim Under RICO ........................................... 5

    A.    *Plaintiff Has Failed to Allege Injury to Mr. Conradt's Business or Property* ............................................................................................. 5

    B.    *Plaintiff Has Failed to Allege a Separate and Distinct Enterprise* ........ 7

III.    Plaintiff Has Failed To State A Claim For Intentional Infliction Of Emotional Distress .............................................................................................. 8

IV.    Plaintiff Has Failed To State A Claim For Negligence ....................................... 9

## TABLE OF AUTHORITIES

### CASES

*Amendolare v. Schenkers International Forwarders, Inc.*, 747 F. Supp. 162
 (E.D.N.Y. 1990) ..................................................................................................8

*Ayeni v. Mottola*, 35 F.3d 680 (2d Cir. 1994) ...................................................................4

*Bast v. Cohen, Dunn & Sinclair, P.C.*, 59 F.3d 492 (4th Cir. 1995) ..................................6

*Beck v. Prupis*, 529 U.S. 494 (2000) ..................................................................................6

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007) ...................................................1

*Brown v. New York City Health & Hospitals Corp.*, 225 A.D.2d 36, 648 N.Y.S.2d
 880 (App. Div. 1996) .........................................................................................9

*Browning-Ferris Industrial, Inc. v. Lieck*, 881 S.W.2d 288 (Tex. 1994) .........................10

*Burchett v. State*, 564 P.2d 87 (Ariz. Ct. App. 1977) ........................................................5

*Caldarola v. County of Westchester*, 343 F.3d 570 (2d Cir. 2003) ...................................4

*Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158 (2001) .......................................7

*In re CitiSource, Inc. Securities Litigation*, 694 F. Supp. 1069 (S.D.N.Y. 1988) ..............7

*Conley v. Gibson*, 355 U.S. 41 (1957) ...............................................................................1

*Cox Texas Newspapers, L.P. v. Wootten*, 59 S.W.3d 717 (Tex. App. 2001) .....................9

*Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814 (Tex. 2005) ..............................................8

*Drankwater v. Miller*, 830 F. Supp. 188 (S.D.N.Y. 1993) ..........................................9, 10

*Erickson v. Pardus*, 127 S. Ct. 2197 (2007) ......................................................................1

*Flier v. Cayuga County*, 2006 U.S. Dist. LEXIS 65994 (N.D.N.Y. Sept. 15, 2006) .........6

*Gause v. Philip Morris*, 2000 U.S. Dist. LEXIS 14268 (E.D.N.Y. Aug. 8, 2000) .............7

*Genty v. Resolution Trust Corp.*, 937 F.2d 899 (3d Cir. 1991) .........................................6

*Godlewska v. Human Development Association, Inc.*, 2005 U.S. Dist. LEXIS
 36998 (S.D.N.Y. July 18, 2005) .........................................................................8

*Gotlin v. Lederman*, 2006 U.S. Dist. LEXIS 25804 (E.D.N.Y. Apr. 28, 2006) ..................6

*Grogan v. Platt*, 835 F.2d 844 (11th Cir. 1988) ..................6

*ITT Consumer Finance Corp. v. Tovar*, 932 S.W.2d 147 (Tex. App. 1996) ......................10

*Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007) ..................1

*Johnson v. Blue Cross/Blue Shield of Texas*, 375 F. Supp. 2d 545 (N.D. Tex. 2005) ..................9

*Joseph v. Farnsworth Radio & Television Corp.*, 99 F. Supp. 701 (S.D.N.Y. 1951), *aff'd*, 198 F.2d 883 (2d Cir. 1952) ..................1

*Kramer v. Pollock-Krasner Foundation*, 890 F. Supp. 250 (S.D.N.Y. 1995) ..................2

*Kroger Texas Ltd. Partnership v. Suberu*, 216 S.W.3d 788 (Tex. 2006) ..................10

*Lauro v. Charles*, 219 F.3d 202 (2d Cir. 2000) ..................4

*Lombardi v. Whitman*, 485 F.3d 73 (2d Cir. 2007) ..................2

*Lowe v. Hearst Communications, Inc.*, 414 F. Supp. 2d 669 (W.D. Tex. 2006) ............8, 9

*Moser v. Roberts*, 185 S.W.3d 912 (Tex. App. 2006) ..................9

*Moses v. Martin*, 360 F. Supp. 2d 533 (S.D.N.Y. 2004) ..................7

*Payton v. New York*, 445 U.S. 573 (1980) ..................3

*Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 2007 U.S. App. LEXIS 24728 (2d Cir. Oct. 23, 2007) ..................1

*Renfro Drug Co. v. Lawson*, 160 S.W.2d 246 (Tex. App. 1942) ..................6

*Ritzman v. Weekly World News, Inc.*, 614 F. Supp. 1336 (N.D. Tex. 1985) ..................6

*Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A.*, 30 F.3d 339 (2d Cir. 1994) ..................7

*Rush v. Oppenheimer & Co., Inc.*, 628 F. Supp. 1188 (S.D.N.Y. 1985) ..................7, 8

*Schiffels v. Kemper Financial Services, Inc.*, 978 F.2d 344 (7th Cir. 1992) ..................6

*Shell Oil Co. v. Humphrey*, 880 S.W.2d 170 (Tex. App. 1994) ..................10

*Smith v. Sneed*, 938 S.W.2d 181 (Tex. App. 1997) ............................................................. 10

*Snitzer v. City of Chicago*, 2007 U.S. Dist. LEXIS 60416 (N.D. Ill. Aug. 15, 2007) ............................................................................................................................. 6

*Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62 (Tex. 1998) .......................... 8

*United States v. Lauter*, 57 F.3d 212 (2d Cir. 1995) ............................................................. 3

*United States v. Waker*, 463 F. Supp. 2d 348 (W.D.N.Y. 2006) .......................................... 4

*United States v. White*, 356 F.3d 865 (8th Cir. 2004) .......................................................... 4

*Wilson v. Layne*, 526 U.S. 603 (1999) ................................................................................. 4

**STATUTES**

18 U.S.C. § 1964(c) ............................................................................................................... 5

Tex. Civ. Prac. & Rem. Code § 93.001 ............................................................................... 10

Plaintiff's opposition to NBC's motion to dismiss rests on two faulty premises.  First, she maintains she is under no obligation to plead facts that would entitle her to the relief she seeks because, she asserts, dismissal is appropriate only when "'it appears to a certainty that plaintiffs are entitled to no relief under any set of facts that might be proven in support of their claims.'" Opp. at 2 (quoting *Joseph v. Farnsworth Radio & Television Corp.*, 99 F. Supp. 701, 704 (S.D.N.Y. 1951), *aff'd*, 198 F.2d 883 (2d Cir. 1952)).  This formulation, repeated by the Supreme Court in slightly different words six years later in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (dismissal inappropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim"), was expressly disavowed by the Supreme Court last term in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007).  *Twombly* establishes once and for all that a plaintiff is required to put forth sufficient "factual allegations . . . to raise a right to relief above the speculative level." *Id.* at 1965.  This is not a "'universal standard of heightened fact pleading,'" as Plaintiff suggests, Opp. at 3 n.1 (quoting *Iqbal v. Hasty,* 490 F.3d 143, 157-58 (2d Cir. 2007)), but rather an affirmation by the Supreme Court of the long-established principle that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 127 S. Ct. at 1964-65; *see also Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.,* 2007 U.S. App. LEXIS 24728, at * 7 (2d Cir. Oct. 23, 2007) (the court should "tak[e] as true the factual allegations of the complaint on a motion to dismiss, but giv[e] no effect to legal conclusions couched as factual allegations").[1]

---

[1] Neither *Iqbal* nor *Erickson v. Pardus,* 127 S. Ct. 2197, 2200 (2007) (Opp. at 3 n.1), alters this requirement.  Rather, both cases speak to an entirely different issue – *i.e.,* the contours of the notice requirements of Rule 8(a)(2).  Indeed, the Second Circuit explicitly recognized in *Iqbal* that the Supreme Court in *Twombly* "intended to make some alteration in the regime of pure notice pleading that had prevailed in the federal courts ever since *Conley*" and that the Court had "explicitly disavowed" *Conley's* "no set of facts" standard.  490 F.3d at 155.

1

Second, the bulk of Plaintiff's brief is devoted to more than twenty footnotes in which she advises the Court that various cases on which NBC relies either survived or were not adjudicated in the context of a motion to dismiss. Apparently, it is Plaintiff's contention that, under such circumstances, precedent establishing or applying legal principles must be ignored. This is not the law. The mere fact that an appellate court articulates governing legal principles in the summary judgment or post-judgment context does not diminish its precedential value. To the contrary, courts deciding motions to dismiss routinely rely on legal principles articulated in cases adjudicating summary judgment or post-trial motions. *See*, *e.g.*, *Lombardi v. Whitman*, 485 F.3d 73, 78-80 (2d Cir. 2007); *Kramer v. Pollock-Krasner Found.*, 890 F. Supp. 250, 255-56 (S.D.N.Y. 1995).

As we demonstrate below, NBC's motion to dismiss should be granted because Plaintiff has failed either to allege facts supporting the causes of action she asserts or to distinguish the controlling precedent establishing her inability to state any claim on which relief may properly be afforded as a matter of law.

**I.      Plaintiff Has Failed To State A Claim For Violation Of The Civil Rights Act.**

In its moving brief, NBC demonstrated that Plaintiff cannot state a claim on behalf of her brother's Estate under the Civil Rights Act because the police's entry into Mr. Conradt's house was undertaken pursuant to a valid warrant and because NBC did not know that Mr. Conradt was suicidal. *See* NBC Br. at 7-12. Plaintiff has not only failed to rebut that showing, she has – by providing the Court with the affidavits supporting the warrants pursuant to which the police entered Mr. Conradt's home – bolstered it by revealing why she cannot, in good faith, plead the facts necessary to sustain a viable cause of action.

2

A.    *Plaintiff Does Not Allege a Violation of Mr. Conradt's Fourth Amendment Rights*

Plaintiff's claim that NBC violated Mr. Conradt's Fourth Amendment rights – which is premised entirely on her assertion that the police entered his house without a valid warrant – must be rejected because the arrest and search warrants provided a legitimate basis for the police to enter Mr. Conradt's home as a matter of law. For one thing, Plaintiff does not even purport to argue that the *arrest* warrant was invalid. "[A]n arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within." *Payton v. New York,* 445 U.S. 573, 603 (1980). *See also United States v. Lauter,* 57 F.3d 212, 214 (2d Cir. 1995) ("Generally, the police do not need a search warrant to enter a suspect's home when they have an arrest warrant for the suspect."); NBC Br. at 11.

In addition, Plaintiff has now submitted to this Court the affidavit supporting the arrest warrant, which explains why Plaintiff does not dispute that it was founded on probable cause. The affidavit describes in graphic detail the bases for the warrant including, but not limited to communications by Mr. Conradt containing sexually explicit language and sexually explicit photographs sent to a person he believed to be a thirteen year old boy. *See* Declaration of Bruce Baron, Ex. A. The affidavit also sets forth the steps the police took to confirm that Mr. Conradt was the source of these transmissions, including comparing the substance of chat logs with the recordings of telephone conversations between Mr. Conradt and the "boy," confirming that the phone number was listed in Mr. Conradt's name, and having an officer who was familiar with Mr. Conradt's voice listen to the recordings themselves. *Id.*

Plaintiff's separate argument that the search warrant was invalid is based primarily on the false premise that the police had an obligation to disclose NBC's "involvement" in the sting

3

operation to the magistrate who signed it.  *See* Opp. at 14-15.[2]  There is no law – and Plaintiff cites none – to support the proposition that the Fourth Amendment is implicated where, as is alleged here, the police executed an otherwise valid warrant but did not disclose to the magistrate who issued it that the press was aware the warrant would be executed and would be present to observe its execution from *outside* a private home.  As the Court of Appeals explained in *Caldarola v. County of Westchester*, 343 F.3d 570 (2d Cir. 2003), so long as police have "'legitimate law enforcement justification'" for effecting a search or seizure, the fact that media was informed of it in advance does not constitute a Fourth Amendment violation because press coverage of arrests "enhances the transparency of the criminal justice system" and "may deter others from attempting similar crimes."  *Id.* at 576 (quoting *Lauro v. Charles*, 219 F.3d 202, 213 (2d Cir. 2000)).  Where, as here, there is no allegation that NBC entered Mr. Conradt's home with the police, there is no basis to state a Fourth Amendment claim as a matter of law.  *See Wilson v. Layne,* 526 U.S. 603, 613-14 (1999) (homeowners' Fourth Amendment rights violated when police brought media representatives into their residence to observe and record attempted execution of arrest warrant); *Ayeni v. Mottola*, 35 F.3d 680, 686 (2d Cir. 1994) (same).

    B.    *Plaintiff Does Not Allege a Violation of Mr. Conradt's Fourteenth Amendment Rights*

Plaintiff concedes that, to state a claim that NBC violated Mr. Conradt's Fourteenth Amendment rights by failing to prevent him from committing suicide, she must allege, among other things, that NBC knew that he was suicidal.  *See* Opp. at 17-18.  Plaintiff does not and cannot plead that NBC had the requisite knowledge.  *See* NBC Br. at 8-10.  Instead, she offers a

---

[2]    Plaintiff does not seriously dispute NBC's showing that clerical errors on the search warrant do not render it invalid as a matter of law.  *See* NBC Br. at 11.  While she attempts to distinguish the cases cited by NBC, *see* Opp. at 14, the clerical errors held to be immaterial in those cases are comparable to the use of the wrong date in the instant case.  *See United States. v. White,* 356 F.3d 865, 867 (8th Cir. 2004) (wrong day); *United States v. Waker,* 463 F. Supp. 2d 348, 359 (W.D.N.Y. 2006) (wrong year).

4

flawed syllogism based on a hodgepodge of inapposite cases involving psychological profiles of pedophiles and others suffering from low "self esteem." *See* Opp. at 9-11.[3] According to Plaintiff, NBC knew that Mr. Conradt was a pedophile; pedophiles lack self-esteem; people who commit suicide lack self esteem; therefore NBC knew that Mr. Conradt was suicidal. *Id*. The fact that Plaintiff does not cite to a single case or other source that purports to support this proposition is hardly surprising. If Plaintiff's theory were correct, every police officer who attempted to arrest an individual for soliciting a minor would owe that individual a special duty. This is plainly not the law.

## II.     Plaintiff Has Failed To State A Claim Under RICO.

### A.     *Plaintiff Has Failed to Allege Injury to Mr. Conradt's Business or Property*

The RICO statute, on its face, limits the private right of action it creates to one who is "injured in his business or property" by reason of a statutory violation. 18 U.S.C. § 1964(c). Plaintiff attempts to avoid this threshold requirement by arguing (1) that the only injury to Mr. Conradt alleged in the Complaint – injury to "his memory: How Bill is remembered" – constitutes the requisite injury to "property" and (2) that damages for personal injury are compensable under RICO in any event. *See* Opp. at 21-23. Both of Plaintiff's arguments are wrong as a matter of law and the second is beside the point.

First, Plaintiff concedes, as she must, that blackening a person's memory is a form of libel under Texas law, *see* Opp. at 22 & n. 18, and that injury to a person's reputation constitutes personal injury, *id.* at 22. As NBC demonstrated in its moving brief, since the only injury

---

[3]  Most of the cases cited by Plaintiff in this regard focus on the dangers sexual predators pose to others and make no reference to any danger they pose to themselves. *See* Opp. at 9-11. Indeed, in one of the few cited cases referencing self-destructive behavior, the court ruled that a defendant convicted of kidnapping, rape and assault with intent to rape a child did not pose a danger to himself based in part on testimony from a psychologist that there was nothing in his medical records which would indicate that the defendant had suicidal tendencies. *See Burchett v. State,* 564 P.2d 87, 89, 92 (Ariz. Ct. App. 1977).

asserted by Plaintiff is the alleged personal injury to Mr. Conradt's "good name" and "memory," Plaintiff has no standing to assert a RICO claim. *See* NBC Br. at 4-6; *see also Snitzer v. City of Chicago*, 2007 U.S. Dist. LEXIS 60416, at *32-33 (N.D. Ill. Aug. 15, 2007) (injury to personal reputation does not fall within the meaning of the phrase "business or property"). Plaintiff attempts to avoid this result by arguing that the alleged injury to Mr. Conradt's memory cannot be personal because it occurred after his death. *See* Opp. at 22. Once again, however, Plaintiff offers no legal support, of any kind, for this unprecedented proposition.[4]

Second, apart from the purported injury to Mr. Conradt's "memory," Plaintiff makes no other allegation that he sustained any injury to his "business or property" as required by the statute. Instead, citing to cases that address whether economic damages resulting from personal injury are compensable under RICO, she intimates that courts have read the "business or property" limitation out of the statute. *See* Opp. at 22 n.19. This is plainly not so. Indeed, Plaintiff not only fails to cite a single case that purports to so hold, she does not allege any economic loss resulting from the alleged injury to Mr. Conradt's "memory" in any event.[5]

---

[4] Contrary to Plaintiff's assertion, neither *Renfro Drug Co. v. Lawson*, 160 S.W.2d 246 (Tex. App. 1942), nor *Ritzman v. Weekly World News, Inc.*, 614 F. Supp. 1336 (N.D. Tex. 1985), held that "the property called memory belongs to the estate." Opp. at 22 n. 18. Indeed, neither case so much as mentions the concept of memory constituting property.

[5] Moreover, courts routinely hold that economic loss resulting from personal injury does *not* constitute injury to business and property. *See, e.g.*, *Bast v. Cohen, Dunn & Sinclair, P.C.*, 59 F.3d 492, 495 (4th Cir. 1995) (pecuniary losses flowing from extreme mental anguish do not constitute injury to property); *Schiffels v. Kemper Fin. Servs., Inc.*, 978 F.2d 344, 353 (7th Cir. 1992) (explaining that personal injuries such as embarrassment, humiliation, and emotional distress, do not constitute an injury "to business or property" even if those injuries resulted in a pecuniary loss), abrogated on other grounds by *Beck v. Prupis*, 529 U.S. 494 (2000); *Genty v. Resolution Trust Corp.,* 937 F.2d 899, 918-19 (3d Cir. 1991) (holding that physical and emotional injuries caused by exposure to toxic waste and resulting in medical expenses not compensable as injury to property under RICO); *Grogan v. Platt,* 835 F.2d 844, 846-48 (11th Cir. 1988) (recovery not available under RICO for pecuniary losses resulting from murder). Although the Second Circuit has never squarely addressed the issue, district courts in this Circuit have reached the same conclusion. *See, e.g.*, *Flier v. Cayuga County*, 2006 U.S. Dist. LEXIS 65994, at *28-30 (N.D.N.Y. Sept. 15, 2006) ("economic damages resulting from personal injuries are not actionable under RICO"); *Gotlin v. Lederman*, 2006 U.S. Dist. LEXIS 25804, at *15-23 (E.D.N.Y. Apr. 28, 2006)

B.	*Plaintiff Has Failed to Allege a Separate and Distinct Enterprise*

To state a claim under RICO, a plaintiff must allege that the "person" conducting the affairs of the RICO "enterprise" is separate from the enterprise itself. *See* NBC Br. at 6 (citing cases). Plaintiff claims that she has satisfied this requirement by alleging that the "enterprise" is "To Catch a Predator" and the persons conducting the affairs of the enterprise are "host Chris Hansen, producer Lynn Keller, senior producer Allan Maraynes, executive producer Craig Bloom and also the members of Perverted Justice," Opp. at 19, all of whom are alleged to be "employees, associates, agents and representatives" of NBC, Compl. ¶ 11. The distinctness requirement may not, however, be circumvented by alleging a RICO enterprise that consists merely of persons who are employed by or associated with the alleged enterprise. *See* NBC Br. at 6-7 (citing cases).[6]

Plaintiff's extended discussion of the availability of vicarious liability in RICO cases, *see* Opp. at 19-21, is beside the point. *See, e.g., Moses v. Martin*, 360 F. Supp. 2d 533, 549-51 (S.D.N.Y. 2004) (collecting cases) ("vicarious liability should not be used as an end-run around the distinctness requirement"); *In re CitiSource, Inc. Sec. Litig.*, 694 F. Supp. 1069, 1080 (S.D.N.Y. 1988) ("to permit vicarious liability for violations of [section] 1962(c) would permit an 'end run' around the precept that the individual alleged to be the RICO person cannot contemporaneously also be alleged to be the RICO enterprise"); *Rush v. Oppenheimer & Co.*,

---

(holding that "not all pecuniary or economic harms are compensable; those emanating from personal injuries are non-compensable"); *Gause v. Philip Morris*, 2000 U.S. Dist. LEXIS 14268, at *6-11 (E.D.N.Y. Aug. 8, 2000) (loss of income due to inability to work since becoming afflicted with emphysema not considered a "loss of property" as required under RICO).

[6]    *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158 (2001) (*see* Opp. at 19 n.10), dealt with the different issue of whether a company owned by a sole shareholder is a separate and distinct entity from that shareholder. It does not purport to speak to or otherwise question the validity of Second Circuit precedent establishing that "the distinctness requirement may not be circumvented" by alleging a RICO enterprise that "consists merely of a corporate defendant associated with its own employees." *Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A.*, 30 F.3d 339, 344 (2d Cir. 1994).

7

*Inc.*, 628 F. Supp. 1188, 1194 (S.D.N.Y. 1985) (plaintiffs "cannot rely on theories of *respondeat superior* to accomplish an end-run around [the] required distinction between person and enterprise under section 1962"). In fact, to avoid running afoul of the prohibition on naming a single entity as both the RICO person and enterprise, courts have expressly limited *Amendolare v. Schenkers Int'l Forwarders, Inc.*, 747 F. Supp. 162 (E.D.N.Y. 1990), upon which Plaintiff bases her vicarious liability argument, *see* Opp. at 20, to its specific facts, *i.e.*, "instances where the corporation is named as a RICO 'person' but not as an 'enterprise.'" *Godlewska v. Human Dev. Ass'n, Inc.*, 2005 U.S. Dist. LEXIS 36998, at *25 (S.D.N.Y. July 18, 2005).

### III.  Plaintiff Has Failed To State A Claim For Intentional Infliction Of Emotional Distress.

Plaintiff's only rejoinder to NBC's showing that Texas law does not recognize a cause of action for intentional infliction of emotional distress in these circumstances is her assertion that NBC's arguments may properly be addressed only on "post-judgment review of a jury award that may have been duplicative." Opp. at 5-6. That proposition, however, finds no support in the law of Texas. To the contrary, as explained in NBC's moving brief, the Texas Supreme Court has expressly and repeatedly held that the intentional infliction tort is unavailable where the gravamen of the claim is the province of some other cause of action, not just when recovery would be duplicative, but even where the alternative claim is itself barred as a matter of law. *See, e.g., Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 818 (Tex. 2005) (affirming grant of summary judgment and admonishing judges not to "entertain [the intentional infliction tort] as a catch-all"); *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 68 (Tex. 1998) (same).

Under this well-established tenet of Texas law, a claim for intentional infliction fails where the gravamen of a cause of action is grounded in another recognized tort, whether challenged on a motion to dismiss or at a later stage of the litigation process. *See, e.g., Lowe v.*

*Hearst Commc'ns, Inc.*, 414 F. Supp. 2d 669, 675 (W.D. Tex. 2006) (granting motion to dismiss intentional infliction cause of action because it was "grounded on an invasion of privacy" claim dismissed on same motion); *Johnson v. Blue Cross/Blue Shield of Texas*, 375 F. Supp. 2d 545, 549-50 (N.D. Tex. 2005) (dismissing IIED claim). In this case, Plaintiff has failed to challenge NBC's showing that the gravamen of her intentional infliction claims is the subject matter of a host of other torts, a showing that precludes Plaintiff's claims as a matter of law. *Lowe*, 414 F. Supp. 2d at 675; *see also Moser v. Roberts*, 185 S.W.3d 912, 916 (Tex. App. 2006) ("plaintiff must proceed solely under the other tort unless there are additional, unrelated facts to support an independent claim for IIED").

## IV.   Plaintiff Has Failed To State A Claim For Negligence.

Conceding, as she must, that the law of Texas recognizes no cause of action for the negligent infliction of emotional distress, Opp. at 6, Plaintiff contends that the negligence claims she has pled are "equivalent to *negligent infliction of emotional distress* in New York." Opp. at 4 (emphasis in original). This is a distinction without a difference. In Texas, "[a] claimant may recover damages for mental anguish only in connection with the defendant's breach of some other legal duty. There must be some specific duty of care that arises from the relationship between the parties." *Cox Texas Newspapers, L.P. v. Wootten*, 59 S.W.3d 717, 723 (Tex. App. 2001). The cause of action denominated "negligent infliction of emotional distress" in New York similarly may succeed *only* where defendant breached a duty owed to plaintiff. *See, e.g., Brown v. New York City Health & Hosps. Corp.*, 225 A.D.2d 36, 44, 648 N.Y.S.2d 880, 885 (App. Div. 1996) (Opp. at 4).[7]

---

[7]    *See also Drankwater v. Miller*, 830 F. Supp. 188 (S.D.N.Y. 1993) (Opp. at 4 n.2). While ruling on the defendant's Rule 19 motion, the court in *Drankwater* found the plaintiff's claim for negligent infliction of emotional distress "deficient" and dismissed it *sua sponte*. *Id.* at 191 n.5. "A cause of action for negligent infliction of emotional distress *arises only in unique circumstances, when a defendant owes*

9

Plaintiff's contention that NBC had "a duty 'not to push law enforcement agencies to do what they otherwise would not do,'" Opp. at 6 (citing Compl. at 71 & 95), cannot withstand analysis for at least two reasons. First, NBC is unaware of any authority supporting the existence of such a "special duty" and, not surprisingly, Plaintiff cites none.[8] Second, as the Texas courts have repeatedly recognized, the appropriate legal remedy for the allegedly wrongful instigation of an arrest or other criminal proceeding is a claim for malicious prosecution. *See, e.g., Kroger Texas Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 792 (Tex. 2006). Indeed, "Texas courts have long recognized a strong public policy in favor of exposing crime" and have therefore "decline[d] to hold that a duty exists outside the torts of malicious prosecution and defamation not to falsely accuse someone of criminal wrongdoing" precisely because "allowing the accused to recover in negligence poses too great a disincentive for people to cooperate freely with law enforcement officials." *Smith v. Sneed*, 938 S.W.2d 181, 184-85 (Tex. App. 1997) (citing *ITT Consumer Fin. Corp. v. Tovar*, 932 S.W.2d 147, 155-156 (Tex. App. 1996) ("plaintiff cannot avoid the strict elements of a malicious prosecution action by labeling it negligence")).[9]

---

*a special duty to the plaintiff*," and the failure to allege any basis for such a special duty mandates the dismissal of plaintiff's claims. *Id.* (emphasis added).

[8]   In that regard, Plaintiff contends that defendant procured Mr. Conradt's arrest. *See*, *e.g.*, Compl. ¶ 28. As a matter of Texas law, however, "a person cannot procure a criminal prosecution when the decision whether to prosecute is left to the discretion of another person, [such as] a law enforcement official," unless he "provides information which he knows is false to another to cause a criminal prosecution." *Browning-Ferris Indus., Inc. v. Lieck*, 881 S.W.2d 288, 292 (Tex. 1994). Plaintiff does not (and cannot) allege that any information NBC allegedly provided to law enforcement was false.

[9]   To the extent Plaintiff attempts to allege that NBC should be held responsible in negligence for Mr. Conradt's suicide, her claim fails for several reasons. First, Texas does not recognize a general duty to prevent a person's suicide. *See*, *e.g.*, *Shell Oil Co. v. Humphrey,* 880 S.W.2d 170, 174-75 (Tex. App. 1994); Tex. Civ. Prac. & Rem. Code § 93.001. Second, Plaintiff fails to allege any facts to support the bald allegation that Mr. Conradt's suicide was foreseeable and offers no valid authority for her supposition that NBC's knowledge that Mr. Conradt had solicited a minor made it so. *See* pp. 4-5 *supra*. Third, even if Plaintiff could establish the requisite foreseeability, the gravamen of the claim would be one for wrongful death – a claim Plaintiff has no standing to pursue. *See* NBC Br. at 13-14.

10

Dated: New York, New York
November 14, 2007

                                            NBC UNIVERSAL, INC.

                                            /s/  Hilary Lane
                                          Hilary Lane (HL-0829)
                                          Susan Weiner (SW-3531)
                                          30 Rockefeller Plaza
                                          New York, New York 10112
                                          212.664.4444

Lee Levine (*pro hac vice* application pending)
Amanda M. Leith (*pro hac vice* application pending)
LEVINE SULLIVAN
 KOCH & SCHULZ, L.L.P.
1050 17th St., NW, Suite 800
Washington, DC  20036
202.508.1100